**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JK HARRIS & COMPANY, LLC | ) | Case # 11-06254-JW |
| | ) | |
| JK HARRIS SMALL BUSINESS SERVICES, LLC | ) ) ) | Case # 11-06256-JW |
| | ) | |
| JKH HOLDING CO., LC | ) | Case # 11-06255-JW |
| | ) | |
| Debtors. | ) | (JOINT ADMINISTRATION) |
| | ) | |
| Michelle L. Vieira as Chapter 7 Trustee for JK Harris & Company, LLC; JK Harris Small Business Services, LLC; and JKH Holding Co., LC, | ) ) ) ) | |
| | ) | Adv. Pro. No. 12-80152-jw |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| John K. Harris, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court on the motion for summary judgment ("Trustee's Motion") filed by Michelle L. Vieira ("Trustee"), as Chapter 7 Trustee for JK Harris & Company, LLC ("JK Harris"); JK Harris Small Business Services, LLC ("SBS"); and JKH Holding Co., LC ("Holding") (collectively, "Debtors") and on motion for summary judgment ("Defendant's Motion") filed by John K. Harris ("Defendant"). Both parties filed responses to each other's motion for summary judgment. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157. A hearing

was held on these matters on July 24, 2012 in Charleston, South Carolina (the "Hearing"). Pursuant to Rule 52, Fed. R. Bankr. P., the Court makes the following Findings of Fact and Conclusions of Law.[1]

## FINDINGS OF FACT

1. On October 7, 2011, Debtors each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of South Carolina (the "Bankruptcy Court"), Case Nos. 11-06254, 11-06256, and 11-06255 (the "Bankruptcy" or "Bankruptcies").

2. On October 19, 2011, the Bankruptcy Court entered an order allowing the joint administration of the Bankruptcies.

3. An order converting the Bankruptcies from Chapter 11 to Chapter 7 of the Bankruptcy Code was entered on January 10, 2012 ("Conversion Date"), and the Trustee was appointed on that date.

4. As of the Conversion Date, Debtors' Schedules reflected approximately $30,000,000 owed to creditors, not including intercompany obligations owed between and among Debtors and related entities. Debtors' schedules reflected approximately $5.2 million in assets, most of which consisted of accounts receivable that became uncollectible once the Bankruptcies were converted.

5. From 2004 to the Conversion Date ("Period of Insolvency"), Debtors were insolvent.

---

[1] To the extent that any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent that any Conclusions of Law constitute Findings of Fact, they are so adopted.

6. From 2005 to the Conversion Date, Debtors' liabilities exceeded their assets by no less than $12 million.

7. During the Period of Insolvency, Defendant owned at least 60% of the voting interest of Holding, and either Holding, Defendant, or some combination of the two owned 100% of the voting interest in JK Harris and SBS.

8. During the Period of Insolvency, Defendant was the manager of Holding and JK Harris, which were both manager-managed LLCs, and was a member of SBS, which was a member-managed LLC.

9. During the Period of Insolvency, millions of dollars of additional liabilities were incurred by Debtors.

10. Defendant was aware that Debtors were insolvent during the Period of Insolvency.

11. During the Period of Insolvency, Debtors, under Defendant's direction, distributed $3,503,836 (the "Member Distributions") to Defendant as member distributions.

12. The Member Distributions were distributed to Defendant in addition to salary that he received via Debtors' payroll and loans that Debtors made to him.

13. The Trustee filed the Complaint on May 1, 2012, and the Amended Complaint on May 9, 2012 (collectively, "Complaint"), alleging breaches of fiduciary duty by Defendant and unlawful distributions authorized by Defendant pursuant to the South Carolina Limited Liability Company Act.

14. Defendant filed the Answer to Trustee's Complaint on May 11, 2012.

15. The parties have agreed that none of the facts stated above are disputed.

16. Defendant has indicated that, until June 2011, he was unaware of the statutes underlying the Trustee's Complaint and denies any knowledge on his part as to the prohibitions against member distributions.

17. The Trustee has challenged Defendant's assertion regarding his knowledge but has indicated that Defendant's knowledge of the statutes is not material to the causes of action set forth in the Complaint.

## CONCLUSIONS OF LAW

### A. Standard of Review

Rule 56(b) of the Federal Rules of Civil Procedure, applicable herein pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that "[a] party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim." Fed. R. Civ. P. 56(b). The court considers the evidence in the light most favorable to the non-moving party and determines whether any reasonable jury could find for the non-movant. *Campbell v. Beacon Mfg. Co.*, 438 S.E.2d 271 (S.C. Ct. App. 1993). "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Singleton v. Sherer*, 377 S.C. 185, 197, 659 S.E.2d 196, 202 (S.C. Ct. App. 2002). "When reasonable minds cannot differ on plain, palpable, and undisputable facts, summary judgment should be granted." *Id*.

While the Court is required, in considering a motion for summary judgment, to view all of the facts and any permissible inferences from those facts in the light most

favorable to the party opposing the motion, "those inferences must, in every case, fall within the range of reasonable probability and not be so tenuous as to amount to speculation or conjecture." *Thompson Everett, Inc. v. Nat'l Cable Adver., L.P.*, 57 F.3d 1317, 1323 (4th Cir. 1995). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). Upon making this showing, the burden shifts to the nonmoving party to go beyond the pleadings and set forth specific facts demonstrating that a genuine issue exists for trial. Fed. R. Civ. P. 56(e); *Campbell v. Capital One Bank (In re Broughton)*, C/A No. 99-06953-W, Adv. Pro. No. 00-80143-W, slip op. at 4-5 (Bankr. D.S.C. Mar. 20, 2001). A party may not rely on the mere allegations contained in their pleadings but instead must come forward with specific facts once a party moving for summary judgment meets its initial burden of demonstrating an absence of material fact and an entitlement to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed.2d 538 (1986).

"If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which the party bears the burden of proof at trial." *Listak v. Centennial Life Ins. Co.*, 977 F. Supp. 739, 743 (D.S.C. 1997) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552 (1986)).

### B. Arguments of the Parties

In the Complaint the Trustee argues that Defendant (i) breached his fiduciary duty of loyalty to Debtors pursuant to S.C. Code Ann. § 33-44-409(b); (ii) breached his

5

fiduciary duty of care to Debtors pursuant to S.C. Code Ann. § 33-44-409(c); and (iii) authorized unlawful distributions by Debtors for which his is liable pursuant to S.C. Code Ann. §§ 33-44-406 and 407. The Trustee asks the Court to enter a judgment in her favor for $3,503,836.

Defendant admits all of the factual allegations made by the Trustee in the Complaint and in the Trustee's Motion, and agrees that none of the facts set forth in the Complaint are subject to dispute. Defendant argues that he should not be held liable because he was not aware of his duties set forth in the South Carolina Limited Liability Company Act. The only issue raised by Defendant is whether his lack of knowledge constitutes a defense to the Trustee's causes of action.

Defendant asserts his lack of knowledge mainly as a defense to the Trustee's causes of action, but Defendant's Motion also asks for summary judgment on his position that only distributions and withdrawals made after June 29, 2011 should be subject to the Trustee's causes of action. However, Defendant does not provide any supporting argument for this position, and it is only referenced in Defendant's Motion as part of Defendant's prayer for relief.

### C. Breach of Fiduciary Duty Pursuant to S.C. Code Ann. § 33-44-409(b) – Duty of Loyalty

Pursuant to S.C. Code Ann. §§ 33-44-409(b) and (h)(2)[2], a manager of a manager-managed company or member of a member managed company owes the company and the other members a duty of loyalty. The duty of loyalty requires that the manager:

> account to the company and to hold as trustee for it any property, profit, or benefit derived by the members in the

---

[2] S.C. Code Ann. § 33-44-409(b) establishes the duty of loyalty for members of a member-managed limited liability company. S.C. Code Ann. §§ 33-44-409(h)(2) states that the duty of loyalty also applies to managers of manager-managed limited liability companies.

6

> conduct…of the company's business…; (2) refrain from dealing with the company in the conduct…of the company's business as or on behalf of a party having an interest adverse to the company;… .

S.C. Code Ann. §§ 33-44-409(b)(1) and (2). S.C. Code Ann. §§ 33-44-409(b) and (h)(2) do not require that a manager of a manager-managed company or member of a member managed company have knowledge of the statutory duty of loyalty for that duty to apply to their actions.

Pursuant to S.C. Code Ann. § 33-44-409(b)(1), Defendant had a duty to account to and hold for Debtors "any property, profit, or benefit derived by the members" of Debtors. S.C. Code Ann. § 33-44-409(b)(1) required Defendant to act as a trustee in possession of Debtors' property. Defendant did not hold or account for property of Debtors in violation of his fiduciary duty. Instead, he authorized the Member Distributions to himself during the Period of Insolvency, which harmed Debtors and breached his duty of loyalty pursuant to S.C. Code Ann. § 33-44-409(b)(1).

Further, pursuant to S.C. Code Ann. § 33-44-409(b)(2), Defendant had a duty to refrain from dealing with Debtors on behalf of someone having an interest that was adverse to Debtors. The Member Distributions served to plunge Debtors deeper into insolvency and provided a personal benefit to Defendant to the detriment of Debtors' and their creditors. The use of Debtors' funds to increase Defendant's personal wealth was adverse to the interests of Debtors. Defendant's actions deprived Debtors of the funds necessary to support ongoing operations and pay a steadily growing pool of creditors. By authorizing the Member Distributions to himself during the Period of Insolvency, Defendant breached his fiduciary duty of loyalty to Debtors by dealing with Debtors on behalf of someone having an adverse interest.

D. **Breach of Fiduciary Duty Pursuant to S.C. Code Ann. §§ 33-44-409(c) – Duty of Care**

The duty of care requires that a manager of a limited liability company is "limited to refraining from engaging in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of law." S.C. Code Ann. §§ 33-44-409(c), (h)(2). Under South Carolina law, gross negligence is "the failure to exercise slight care" or "the absence of care that is necessary under the circumstances." *Etheredge v. Richland School Dist. One*, 534 S.E.2d 275, 277 (S.C. 2000). "'Recklessness implies the doing of a negligent act knowingly'; it is a 'conscious failure to exercise due care.'" *Berberich v. Jack*, 709 S.E.2d 607, 612 (2011) (quoting *Yaun v. Baldridge*, 134 S.E.2d 248, 251 (S.C. 1964).

Pursuant to S.C. Code Ann. §§ 33-44-409(c) and (h)(2), a manager of a manager-managed company or member of a member managed company is liable for a violation of the duty of care if they engage in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of the law. This statute is written in the disjunctive, meaning that Defendant's conduct meeting any of the four types of conduct set forth above is sufficient for Defendant to be held liable. While the statute does provide for liability based upon a "knowing violation of the law," Defendant's knowledge of the law is irrelevant where, as here, liability is based upon gross negligence or recklessness.

By authorizing the Member Distributions, Defendant acted with gross negligence and recklessness. Defendant was aware that Debtors were insolvent at all times during the Period of Insolvency, but nevertheless authorized and received the Member Distributions, rather than allowing those funds to be used for debt service and ongoing operations. Even as Debtors began accruing millions of dollars in additional liabilities,

8

Defendant continued authorizing and receiving the Member Distributions. In doing so, Defendant deprived the financially insolvent Debtors of funds that could have been used for operations, to attract investors, to persuade additional lenders, or to satisfy some of the very large claims against Debtors. The undisputed facts show that Defendant's actions in authorizing and receiving the Member Distributions in the face of Debtors' imminent financial collapse were grossly negligent and reckless. As a result of these grossly negligent and reckless actions, Defendant breached his statutory fiduciary duty of care to Debtors.

### E. Unlawful Distributions Pursuant to S.C. Code Ann. § 33-44-406 and § 33-44-407

S.C. Code Ann. § 33-44-406(a) provides:

> A distribution may not be made if (1) the limited liability company would not be able to pay its debts as they become due in the ordinary course of business or (2) the company's total assets would be less than the sum of its total liabilities plus the amount that would be needed, if the company were to be dissolved, wound up, and terminated at the time of the distribution, to satisfy the preferential rights upon dissolution, winding up, and termination of members whose preferential rights are superior to those receiving the distribution.

The statute provides that a limited liability company cannot make a distribution to its members if it is unable to pay its ongoing operating expenses or if its assets are less than its liabilities. Because Debtors were insolvent, the liabilities exceeded the value of the assets, even without considering additional liabilities which might have been incurred during dissolution.

S.C. Code Ann. § 33-44-407(a) provides:

> A member of a member-managed company or a member or manager of a manager-managed company who votes for or assents to a distribution made in violation of Section 33-44-

> 406, the articles of organization, or the operating agreement is personally liable to the company for the amount of the distribution which exceeds the amount that could have been distributed without violating Section 33-44-406, the articles of organization, or the operating agreement if it is established that the member or manager did not perform the member's or manager's duties in compliance with Section 33-44-409.

This statute creates liability for anyone that authorizes a member distribution while a company is insolvent, in breach of his or her fiduciary duties. To establish liability pursuant to S.C. Code Ann. § 33-44-407(a), a plaintiff is required to prove the following:

(1) that Defendant was a manager of a manager-managed LLC or a member of a member managed LLC;

(2) that Defendant assented to or authorized a distribution in violation of S.C. Code Ann. § 33-44-406(a), the company's operating agreement, or the company's articles of organization; and

(3) that Defendant violated his or her fiduciary duties pursuant to S.C. Code Ann. § 33-44-409.

During the Period of Insolvency, Defendant was the manager of JK Harris and Holding, which were manager-managed LLCs and was a member of SBS, which was a member-managed LLC. As manager and/or member, Defendant authorized the Member Distributions to himself during the Period of Insolvency in violation of S.C. Code Ann. § 33-44-406(a). As outlined above, in authorizing the Member Distributions to himself, Defendant violated his fiduciary duties to Debtors pursuant to S.C. Code Ann. §§ 33-44-

409(b), (c), and (h)(2), as set forth above. As a result, Defendant is liable for the Member Distributions pursuant to S.C. Code Ann. § 33-44-407(a).[3]

## **CONCLUSION**

Based on the foregoing analysis, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Trustee's Motion is GRANTED as to all three causes of action asserted by the Trustee in the Complaint;

2. Defendant's Motion is DENIED; and

3. Judgment is entered in the Trustee's favor against Defendant in the amount of $3,503,836.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**08/08/2012**



*John E Waites*

Chief US Bankruptcy Judge
District of South Carolina

Entered: 08/09/2012

---

[3] At the hearing, the Trustee indicated that there was no statute of limitations issue under § 33-44-407(d) because the limitations period would begin to run when the cause of action reasonably should have been discovered, which could not have occurred prior to her appointment on the Conversion Date.